Coster et al. v. New Jersey Railroad and Transportation Company.

---

G. W. COSTER AND OTHERS v. THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

1. The New Jersey Railroad and Transportation Company may at any time acquire the title to the lands occupied by their road, by the provisions of the charter for that purpose.

2. Any omission to assess part of the damages which commissioners were bound to assess if relied upon to set aside their award, must appear affirmatively.

3. The judge who appoints commissioners is the tribunal to decide the sufficiency of the notice of such application.

4. If it be alleged against an award of commissioners that they acted upon illegal evidence or were governed by erroneous principles, such facts must appear affirmatively to set aside their proceedings.

5. Commissioners to assess value of lands have no power to examine witnesses on oath where not expressly given.  Their information must be acquired in other ways; and unless contrary to truth the mode of acquiring it will not vitiate their award.

A writ of error was brought in this case to review the decision of the Supreme Court (reported 3 *Zab.* 227) refusing to set aside the proceedings of commissioners appointed on the application of the defendants to assess the value of lands which had been taken and occupied by them for fifteen years previous thereto for their railroad, to which they had not acquired title, nor settled for the damages done to it.

The cause was argued by Mr. *Gifford* and Mr. *Scudder*, for plaintiffs in error, and by Mr. *Vroom*, for defendants.

The opinion of the court was delivered by

ELMER, J.   The first error assigned is, in substance, that inasmuch as the railroad company had used and occupied the land of the plaintiffs many years without having first obtained the same by agreement, it was too late to institute proceedings for the purpose of assessing the damages of the owner and acquiring title.   No time is fixed by the charter when the proceedings shall commence, nor can I see any reason to imply a limitation from its general object or special provisions.   The company is authorized to enter upon and survey and take possession of the land necessary for the track of the road; "but all lands and real estate thus entered upon, which are not donations, shall be purchased by the said corporation of the owner or owners thereof, at a price to be mutually agreed upon between them, and in case of a disagreement as to price" a justice of the Supreme Court is to appoint commissioners, as has been done in this case.   The law takes for granted that in this, as in other cases, the owner will protect his property, if it be unlawfully interfered with, and leaves him at full liberty to use such remedies as are provided against trespassers in other cases.   By the eleventh section of the charter it is provided, that the company shall tender payment of all damages before they shall enter and break ground, except to survey and lay out the road, unless the consent of the owner be first obtained in writing.   If such consent in

writing is given, no wrong is done by appropriating the land; if not, the company are trespassers. But I can perceive no reason why the company may not at any time take the necessary steps to acquire the land. This can only be done by making full compensation to the owner, not only for the value of his land, but also for damages he has sustained by reason of the occupancy. Such are the express provisions of the charter.

A different construction of this and other railroad acts, containing similar provisions, would lead to many inconveniences, without any corresponding benefit to the owner. Many causes may require the companies to institute these proceedings after they have been in operation for years. In some cases the owner is unknown, and in others the occupant who claims the premises is not the real owner or is liable to be dispossessed by a mortgage or other lien; and again, in other cases the owner chooses tacitly to acquiesce in the occupancy. Shall the companies who act in good faith, and do all they can to acquire a title, be precluded afterwards when the real owner asserts his rights or withdraws his consent from making adequate compensation to him, and thus acquiring a right to the land? When or how the plaintiffs acquired their title in this case does not appear. It may be that they had no right whatever to the property when the road was commenced. But whether they had or not, they are in no wise prejudiced by the delay.

The argument most pressed against sustaining the right of the company to proceed after so long a delay was, that the commissioners could not or did not award any damages for the preceding occupancy. Admitting it to be the true construction of the act that the commissioners had no power to award such damages, it will only follow that the plaintiffs are left with just such remedies for the unlawful interference with their land, if it was unlawful, that other owners are entitled to. The trespass was not a merely wanton or malicious injury, but one committed in the prosecution of a great public improvement, for the accomplishment of which the corporation was invested with the power of

taking property against the consent of the owner, subject only to the duty of making just amends to him for all his loss. This duty will not be interfered with by the proceedings now complained of.

It is assigned as error, that the commissioners have omitted to include in their award any allowance for the use and occupation of the land for fifteen years, thus assuming that the act empowers them to do so. If it does, as is perhaps its fair construction, it follows that the act contemplates such proceedings after such a lapse of time. But to justify setting aside the proceedings of the commissioners, on this ground as wholly unlawful, it must be shown that they did not include such damages in their award. They expressly state that the amount awarded is " for the compensation and damages which the owners have sustained by reason of the occupancy of their land by the company." There is no evidence to show that they did not give all that was asked for; or that they omitted to include ample damages for the use and occupation, as now claimed. If the owners were not satisfied with the amount, the act gives them an appeal to the next court of common pleas of the county and a trial by jury.

As to the errors assigned in regard to the notice of the application to the judge, the want of evidence that the parties were unable to agree for the price of the land, and the description of the judge in the report as Chief Justice, it is not necessary to do more than to refer to the opinion of the Supreme Court, with which I entirely concur. The complaint in the sixth error, that the judge and the court have determined that the company were authorized to make the road, is not sustained by the fair construction of the judge's order. He does no more than recite that the company had given him notice, that they had " located the railroad which they are authorized to make," over certain lands.

The fourth error assigned is, that the commissioners acted upon illegal evidence, or were governed by erroneous principles in making their appraisement, by examining deeds and receiving information from a person respecting the

premises, in reference to the value of the lands and other purposes. It is not alleged that the commissioners did not view the premises and act upon the information thus obtained, or that they swore any witnesses. One of the commissioners states that they were "aided by the statements made to them," as well as by certain deeds and surveys. In the case of *Van Winkle* v. *Railroad Co.*, 2 *Green* 162, it was held by the Supreme Court, that the commissioners were bound to judge solely from their own view; but it must be remembered that the language of the act under which the proceedings in that case were had, is different from the act now in question. Indeed the correctness of that decision, if more was meant than to decide that the commissioners were not authorized to swear witnesses, may be well doubted. It is impossible for commissioners to assess damages for the occupancy of land and for the removal, making and maintaining the fences, without ascertaining from some source the facts upon which their judgment is to depend. If it should appear to the court, that they were purposely misled, it would be its duty perhaps to set the whole proceeding aside. But the assessments of the commissioners are subject to be reviewed, in the present case, at the option of the owner, and in other cases if the court thinks justice requires it, and the verdict of a jury taken after a regular trial and examination of witnesses; so that there is no necessity for holding the assessments absolutely void and requiring the proceedings to be commenced anew, unless there has been a plain departure from the law.

Another error assigned, relates to the form of the award as to the damages assessed. It first awards one hundred and fifty dollars as compensation and damages, including an assessment for fencing; and then states that the amount assessed for the fencing was thirty-two dollars. This is sufficiently intelligible, it being perfectly manifest on the face of the paper, that the sum of thirty-two dollars forms a part of the whole sum awarded. The remaining error, in regard to the provisions of the eleventh section of the charter, has been disposed of in the consideration of the first

error assigned. This section makes provision for entering upon the meadows on the route of the road, to remove obstructions to the free passage of the water and to keep out the tide, and for the payment or tender of damages before the company shall enter and break ground. The proceedings in this case relate to land taken for the route of the road, and not to meadow entered upon to remove obstructions to the free passage of the water, or to keep out the tide. The payment or tender of the damages, however, and the proceedings generally, are the same in both cases.

None of the reasons urged for the reversal of the judgment of the Supreme Court being sustained, I am of opinion that it should be affirmed, with costs.

*For Affirmance*—Judges ARROWSMITH, ELMER, VALENTINE, CORNELISON, RISLEY, THE CHANCELLOR, HAINES, POTTS, and WILLS.

*For Reversal*—None.

Judgment unanimously affirmed.

CITED in *Hetfield* v. *Cent. R. R. Co.*, 5 *Dutch.* 575; *State* v. *Trenton*, 7 *Vr.* 505; *Columbia Del. Bridge Co.* v. *Geisse*, *Id.* 539; *State* v. *Hud. Tun. R. R. Co.*, 9. *Vr.* 555.